TYLER (McCOBB v.). See Case No. 8,705.

## Case No. 14,311.

### TYLER et al. v. The SOUTH AMERICA.

[10 Betts. D. C. MS. 9.]

District Court, S. D. New York. July 3, 1847.

COLLISION — STEAM AND SAIL VESSEL — CROSSING STEAMER'S BOW.

[Where a steamboat was proceeding slowly to her dock, and .a sloop endeavored to cross her bow into the same slip, the steamer is not liable for the resulting collision. it appearing that she stopped her engines as soon as this maneuver of the sloop was discovered. and that the latter had not taken proper and reasonable precautions.]

[Cited in The New Champion, Case No. 10,- 146.]

[This was a libel by Lindley B. Tyler, Josiah Smith, Usher Benjamin, and Henry A. Gording, owners of the sloop Jonah Smith, against the steamboat South America. Isaac Newton, claimant, for damages caused· by collision.]

BETTS, District Judge. The pleadings and proofs in this case, and the arguments of the advocates of the respective parties thereon, being duly considered, and it being made to appear to the court that the said sloop. at the time of the collision in the pleadings mentioned, ·was attempting to cross the track and bow of the said steamboat, at the time approaching and coming into her well-known landing place and berth; and it appearing to the court that the said steamboat took the usual and notorious course· of steamboats so situated to make her landing and come into her berth, and that her movements were open, and in plain view of the persons on board

said sloop; and it not being made to appear in behalf of the said sloop that reasonable and proper precaution and efforts were taken in her management to avoid the danger of collision, if she continued her then course into the slip, the circumstances in view affording reasonable presumption to the persons on board her that, if she held her way, the two vessels must strike each other, unless the steamboat should change her direction or be wholly stopped; and it being made to appear to the court, by the proofs of the claimants, that the speed of the steamboat had been slacked, and she was proceeding slowly along the docks to her berth, before it was discovered on board her that the said sloop was endeavoring to run across her bows into the same slip, and, so soon as it was so discovered, her engine was stopped, but that the two vessels were then so near each other that she could not at the time take any other or more effectual means than she actually used to avoid the collision: it is considered by the court that the said steamer is not liable to the libellant for the damages occasioned by the collision. Wherefore it is ordered and decreed that the libel in this behalf be dismissed. But inasmuch as the libellants have proved, by the testimony of witnesses standing on the dock, and observing both said vessels, and not attached to or interested in either of them, that in their opinion the said steamboat was at the time running with improper speed, and made no effort to prevent or lessen the danger of collision, thereby furnishing the libellants probable cause of action, it is further ordered that no costs be taxed in the cause in behalf of the claimants against the libellants.